UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,

        Plaintiff,                                    Hon. Paul L. Maloney

v.                                                Case No. 1:20-cv-886

TONY MOULATSIOTIS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Lisa Swanson's Motion to Dismiss (ECF No. 4); Defendant Tony Moulatsiotis' Motion to Dismiss (ECF No. 8); and Plaintiff's Motions for Summary Judgment (ECF No. 10, 14). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be granted in part and denied without prejudice in part, Plaintiff's motions be denied, and this action terminated.

## BACKGROUND

Plaintiff has a long history of initiating legal action alleging that the Village of Lakewood Club was improperly established and, accordingly, lacks the authority to perform various governmental functions including, but not limited to, assessing and collecting property taxes. *See Otworth v. Village of Lakewood Club*, 59 Fed. Appx. 785 (6th Cir., Mar. 11, 2003) (arguing that the Village of Lakewood Club was not properly incorporated, Plaintiff unsuccessfully challenged the Village's enforcement

1

of its zoning ordinances); *Otworth v. Vanderploeg*, 61 Fed. Appx. 163 (6th Cir., Mar. 19, 2003) (Plaintiff unsuccessfully sued two attorneys for conspiring to fraudulently incorporate the Village of Lakewood Club); *Otworth v. Williams, Hughes & Cook, PLLC*, 2011 WL 1542114 (W.D. Mich., Apr. 21, 2011) (Plaintiff unsuccessfully sued several lawyers, their law firm, and a state court judge on various theories relating to the alleged unlawful incorporation of the Village of Lakewood Club and its subsequent assessment of property taxes); *Otworth v. Budnik*, 594 Fed. Appx. 859 (6th Cir., Nov. 21, 2014) (Plaintiff unsuccessfully alleged that because the Village of Lakewood Club was unlawfully incorporated, it lacked the authority to assess and collect property taxes); *In re Otworth*, 2015 WL 5781512 (Bankr. W.D. Mich., Oct. 2, 2015) (court rejected Plaintiff's argument that collection of property taxes was unlawful because the Village of Lakewood Club was unlawfully incorporated). Plaintiff has also initiated equally meritless actions in other venues. *Otworth v. Trump*, 2017 WL 8792555 (D.D.C., Dec. 12, 2017) (court dismissed, on screening, Plaintiff's allegations that President Trump's failure to "preserve, protect and defend the Constitution" resulted in the unlawful imposition of locally assessed property taxes).

Plaintiff now sues Muskegon County Treasurer, Tony Moulatsiotis, and Village of Lakewood Club Treasurer, Lisa Swanson. (ECF No. 1). Plaintiff yet again advances the allegation that the Village of Lakewood Club was unlawfully incorporated and, therefore, lacks the legal authority to collect taxes on property within its jurisdiction. Plaintiff presently alleges that Defendants Moulatsiotis and

2

Swanson conspired to unlawfully extort money from him under the guise of the assessment and collection of property taxes. Plaintiff alleges that Defendants' conduct violates 18 U.S.C. § 241 and 18 U.S.C. § 242. Plaintiff seeks monetary damages as well as the criminal prosecution of both Defendants. Defendants now move to dismiss Plaintiff's action. Plaintiff has responded by submitting two motions for summary judgment.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

3

> conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The statutes on which Plaintiff's present claims are premised are criminal statutes. 18 U.S.C. § 241 makes it unlawful for two or more persons to conspire to deprive another of his rights under the United States Constitution. 18 U.S.C. § 242 makes it unlawful for any person to deprive another of his rights under the United States Constitution on the basis of race.

To the extent Plaintiff invokes these statutes to obtain civil damages, such claims must be dismissed as neither statute provides for a civil cause of action. *See, e.g., Timmon v. Wood*, 316 Fed. Appx. 364, 364-65 (6th Cir., June 14, 2007); *PRCP Atlanta Wynfield, LLC v. Bunkley*, 2018 WL 5276234 at *5 (N.D. Ga., Aug. 24, 2018). Likewise, Plaintiff may not assert criminal charges against Defendants or otherwise seek to enforce the criminal statutes of the United States. *See, e.g., Schied ex rel. Student A v. Snyder*, 2010 WL 331713 at *2 (E.D. Mich., Jan. 22, 2010); *Bunkley*, 2018

4

WL 5276234 at *5. Accordingly, the undersigned recommends that Defendants' motions to dismiss both be granted on this basis.

Defendants also assert that they are entitled to relief on the grounds of res judicata and collateral estoppel. The Court, however, declines to address these issues for two reasons. First, Plaintiff's claims are plainly without merit as discussed above. Second, it is not clear that res judicata or collateral estoppel are properly asserted in the present circumstance.

Res judicata and collateral estoppel are appropriately invoked where a fact or issue, relevant to the resolution of a current claim, has been previously litigated. In the present instance, however, it makes absolutely no difference to the outcome whether Plaintiff is permitted to argue that the Village was not lawfully incorporated because Plaintiff simply cannot assert a civil action under the statutes in question. Thus, to address Defendants' res judicata and collateral estoppel arguments would be, in the Court's estimation, akin to an advisory opinion. Accordingly, the undersigned recommends that, to the extent Defendants move for relief on the grounds of res judicata and collateral estoppel, such be denied without prejudice.

Turning to Plaintiff's motions for summary judgment, as discussed above, Plaintiff's claims fail as a matter of law. Because Plaintiff is precluded from asserting the claims in question, it is simply not possible for Plaintiff to demonstrate that he is entitled to judgment. Accordingly, the undersigned recommends that Plaintiff's motions for summary judgment both be denied. *See* Fed. R. Civ. P. 56.

Finally, Defendants request that the Court enter an order precluding Plaintiff from filing future actions unless the Court first determines that such action is not frivolous, vexatious, or asserted for improper purpose. While the Court is generally reluctant to limit litigants in this manner, such orders are appropriate in certain circumstances. *See, e.g., Tropf v. Fidelity National Title Ins. Co.*, 289 F.3d 929, 940 (6th Cir. 2002) ("it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed").

Plaintiff plainly has abused the legal process and consistently wasted this Court's limited time and resources. Accordingly, the undersigned recommends that the Court enter an order authorizing the Court to evaluate, prior to acceptance for filing, any further actions, motions, or pleadings by Plaintiff concerning (1) whether the Village of Lakewood Club is lawfully incorporated, and/or (2) whether the Village of Lakewood Club possesses the lawful authority to assess and collect taxes on property within its jurisdiction. If the Court determines that any action, motion, or pleading addressing such issue(s) is frivolous, vexatious, or asserted for improper purpose, the Court shall reject, and not accept for filing, any such action, motion, or pleading.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Defendant Lisa Swanson's Motion to Dismiss (ECF No. 4) be granted in part and denied without prejudice in part; Defendant Tony Moulatsiotis' Motion to Dismiss (ECF No. 8) be granted in part and denied without prejudice in part; Plaintiff's Motions for Summary Judgment (ECF No. 10, 14) both be denied; and this action terminated.

The undersigned further recommends that the Court enter an order authorizing the Court to evaluate, prior to acceptance for filing, any further actions, motions, or pleadings by Plaintiff concerning (1) whether the Village of Lakewood Club was lawfully incorporated, and/or (2) whether the Village of Lakewood Club possesses the lawful authority to assess and collect taxes on property within its jurisdiction. If the Court determines that any action, motion, or pleading addressing such issue(s) is frivolous, vexatious, or asserted for improper purpose, the Court shall reject, and not accept for filing, any such action, motion, or pleading.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: November 24, 2020                    /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge