UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE OTWORTH,<br>      Plaintiff,<br><br>-v-<br><br>TONY MOULATSIOTIS and<br>LISA SWANSON,<br>      Defendants. | No. 1:20-cv-886<br><br>HONORABLE PAUL L. MALONEY |

### ORDER

This is the latest in a series of at least seven cases in which Plaintiff Clarence Otworth alleges that the Village of Lakewood Club was improperly established. The matter is now before the Court on Otworth's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Phillip J. Green (R&R ECF No. 29; Objection ECF No. 31). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the

district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff's objection to the R&R fails to identify any specific errors in Magistrate Judge Green's analysis or conclusion. Rather, Plaintiff argues broadly that the R&R is "eight pages of **HOOEY**," restates his allegations that the Village of Lakewood Club was never incorporated, and attempts to add additional causes of action to his complaint (*see* ECF No. 31, emphasis in original). The Court need not review such vague objections, but in any event, the Court finds no error in the R&R. Accordingly,

**IT IS ORDERED** that the November 24, 2020 R&R (ECF No. 29) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 31) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Lisa Swanson's motion to dismiss (ECF No. 4) is **GRANTED** in part and **DENIED without prejudice** in part.

**IT IS FURTHER ORDERED** that Defendant Tony Moulatsiotis' motion to dismiss (ECF No. 8) is **GRANTED** in part and **DENIED without prejudice** in part.

3

**IT IS FURTHER ORDERED** that Plaintiff's motions for summary judgment (ECF Nos. 10, 14) are denied.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  January 27, 2021              /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge